IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCADE COMEAUX, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1411 |
| | § | |
| WARDEN RICK THALER, *et al.*, | § | |
| Defendants. | § | |

### ORDER GRANTING LEAVE
### TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, Arcade Comeaux, is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed suit under 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis*. (Docket Entry No. 2). The motion was granted previously, but it was later vacated after this case was consolidated with another. (Docket Entry No. 13). To date, no fees have been paid in this case, which is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b). The PLRA requires prisoners to pay an initial partial filing fee and to pay thereafter the balance of the full filing fee. Because the consolidation order has been vacated, a new fee collection order is needed in this case. Accordingly, based on the certified inmate trust account statement attached to plaintiff's motion, the Court **ORDERS** as follows:

1. The application for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The plaintiff is not assessed an initial partial filing fee at this time because the Court lacks a current copy of his inmate trust fund account statement and has inadequate information about his resources.

3. On February 7, 2005, the district court filing fee increased from $150.00 to $250.00. Because the plaintiff's complaint was filed before February 7, 2005, the filing fee in this case is $150.00. The plaintiff shall pay $150.00, the balance of the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of the plaintiff shall collect this amount from the plaintiff's trust account and forward it to the Court.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A. The plaintiff has filed a motion requesting service of process on the defendants. It is **ORDERED** that this motion (Docket Entry No. 21) is **DENIED** at this time without prejudice to reconsideration by the Court after the screening process has been completed.

6. No amendments or supplements to the complaint will be filed without prior court approval. A complete amended complaint will be attached to any motion to amend. The plaintiff has tendered an amended complaint in this case. (Docket Entry No. 20). The

Court construes this pleading as a request for leave to amend.  It is **ORDERED** that the plaintiff's request for leave to submit his amended complaint is **GRANTED**.

7. All discovery in this case is stayed until the court enters an order to answer.

8. No motions for appointment of counsel shall be considered until the Court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  The plaintiff has filed a motion for appointment of counsel.  It is **ORDERED** that the motion for appointment of counsel (Docket Entry No. 16) is **DENIED** at this time without prejudice to reconsideration by the Court after the screening process has been completed.

9. The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file such notice may result in this case being dismissed for want of prosecution.

**NOTICE TO THE PLAINTIFF**:

A. Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b).  If you do not wish to pay the full filing fee, you must notify the court in writing, by letter or motion, that you do not wish to prosecute this civil action.  Your notice must be mailed within 30 days of the date of entry of this order.

B. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  If the case is

dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

    C.    State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division, which is dismissed as frivolous or malicious if there are any such prior dismissals. *See* TEX. GOV'T CODE ANN. § 498.0045.

**The Clerk of Court will send a copy of this order to the parties, to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.**

    SIGNED at Houston, Texas, on **July 25, 2005**.

_____
Nancy F. Atlas
United States District Judge