IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCADE COMEAUX, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1411 |
| | § | |
| WARDEN RICK THALER, *et al.*, | § | |
| Defendants. | § | |

**ORDER DENYING PRELIMINARY INJUNCTION**

State inmate Arcade Comeaux has filed suit under 42 U.S.C. § 1983, alleging violations of his civil rights. Comeaux, who is partially paralyzed and reportedly confined to a wheelchair, complains that the conditions of his confinement at the Estelle High Security Unit have violated his rights under the Eighth Amendment, the Americans with Disabilities Act, the Rehabilitation Act, and state law. Pending before the Court is a motion in which Comeaux seeks a temporary restraining order or preliminary injunction. (Docket Entry No. 17). Comeaux has included a memorandum in support of his motion. (Docket Entry No. 15). For reasons that follow, the motion is denied at this time.

In support of his motion for a temporary restraining order, the plaintiff invokes Rule 65 of the Federal Rules of Civil Procedure. Under Rule 65, no preliminary injunction may issue unless the adverse party has notice. *See* FED. R. CIV. P. 65(a)(1)*; Parker v. Ryan*, 960 F.2d 543 (5th Cir. 1992). The certificate of service reflects that the plaintiff has not served his motion on any of the defendants. A temporary restraining order may be granted without notice if the requesting party makes a clear showing that immediate and irreparable injury,

loss, or damage may occur and shows the efforts that have been expended to give notice to the adverse party. *See* FED. R. CIV. P. 65(b). The plaintiff does not allege in his motion or supporting memorandum that he has made any effort to give notice of his motion to the defendants, and therefore he has not complied with Rule 65(b).

More importantly, it is not clear that the plaintiff has met the other requirements for preliminary injunctive relief. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *See Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). To obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest.[1] *See Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Because it is an extraordinary remedy, a preliminary injunction may only be granted if the plaintiff has "'clearly carried the burden of persuasion' on all four requirements." *Id*. (citation and quotation omitted).

The essence of Comeaux's complaint is that his assignment to the Estelle High

---

[1] This case is governed by the Prison Litigation Reform Act (the "PLRA"), which makes the inquiry more strict. The PLRA prohibits a court order approving any prospective relief unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the involved federal right; and (3) is the least intrusive means necessary to correct the violation of that federal right. *See* 18 U.S.C. § 3626(a)(1).

Security Unit violates the ADA, the RA, and the Eighth Amendment, because the facility is not equipped to meet his "special needs," his "medical needs," and his "human needs." (Docket Entry No. 20, Amended Complaint, ¶ 27). Comeaux asks for injunctive relief in the form of a transfer from the Estelle Unit to the Jester III facility, which he claims is the only unit designed to accommodate inmates with his restrictions. He also asks the Court to enjoin the defendants from harassing him on account of his handicapped status.

The Court has carefully considered the pleadings, the motion, and the supporting memorandum. The Court finds that difficult questions of law and fact create sufficient doubt regarding the probability of the plaintiff's success on the merits. Thus, the Court concludes that Comeaux has not clearly carried his burden of persuasion on the first element required for preliminary injunctive relief. Therefore, it is **ORDERED** that his motion for a temporary restraining order and for preliminary injunctive relief (Docket Entry No. 17) is **DENIED** at this time.

Although the Court denies preliminary injunctive relief at this time, the Court does so without prejudice to reconsideration if necessary. Following a review of the pleadings under 28 U.S.C. § 1915A, the Court will promptly issue a separate order in this case serving both the amended complaint and the motion for a temporary restraining order (Docket Entry Nos. 17, 20) on those defendants from whom an answer is deemed necessary.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 26, 2005.**

*Nancy F. Atlas*
United States District Judge