IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCADE COMEAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1411 |
| | § | |
| WARDEN RICK THALER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The plaintiff, Arcade Comeaux, is a state inmate who filed this suit under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement. The case was recently transferred to this Court, following a remand from the Fifth Circuit to address claims that had been consolidated previously with the case filed in *Comeaux v. Mackwani*, Civil Action No. H-00-3812 (S.D. Tex.). Comeaux has filed several motions in this case (Docket Entry Nos. 27, 28, 30, 31), each of which is **denied** for reasons set forth briefly below.

1. **Motion to Vacate or Correct the Fee Collection Order**

Comeaux requested and received leave to proceed *in forma pauperis* in this case. Because his suit is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), a collection order was required by that statute to recover the filing fee. Comeaux has filed a motion to correct or vacate the collection order. (Docket Entry No. 27). Specifically, he objects to the collection order on the grounds that it fails to take into account the initial partial filing fee of $23.94 paid by him previously in this case. Comeaux is mistaken.

On February 7, 2005, the district court filing fee increased from $150.00 to $250.00. Because Comeaux's complaint was filed before that date, a filing fee of $150.00 remains due. A

review of the docket sheet in this case (H-01-1411) shows that no payments have been made toward the $150.00 filing fee. As noted above, this case was formerly consolidated with another civil rights cases filed the plaintiff, *Comeaux v. Mackwani*, Civil Action No. H-00-3812 (S.D. Tex.). A review of the docket sheet in H-00-3812 shows that $23.94 was received on July 31, 2001, meaning that this amount was credited toward the $150.00 filing fee in Civil Action No. H-00-3812 (Receipt #404-39905). The docket sheet in Civil Action No. H-00-3812 shows that Comeaux also made the following payments toward the filing fee in that case: (1) $76.00 on April 30, 2001 (Receipt #404-37296); (2) $16.00 on May 9, 2001 (Receipt #509890); (3) $50.00 on May 18, 2001 (Receipt #510357); and (4) $23.94 on July 31, 2001 (Receipt #404-39905). When the Clerk's Office discovered that the plaintiff had tendered a total of $165.94, which exceeded the $150.00 filing fee, it issued a refund to the plaintiff's inmate trust fund account in the amount of $15.94 on August 23, 2001 (Check #521559).

Plaintiff has not demonstrated that the collection order in this case was entered in error or that it will result in an overpayment. Because no funds have been credited toward the filing fee in Civil Action No. H-01-1411 to date, his objections to the collection order are without merit.

Therefore, it is **ORDERED** that Comeaux's motion to correct or vacate the collection order (Docket Entry No. 27) is **DENIED**.

2. **Motion for Copies of Exhibits**

Comeaux has filed a motion asking this Court to transfer all of the exhibits filed in H-00-3812 to Civil Action No. H-01-1411 and to provide him with free copies of these exhibits. (Docket Entry No. 28). If necessary, the Court will take judicial notice of the exhibits filed in Civil Action No. H-00-3812, making a transfer of all exhibits filed in that case unneccessary. To the extent that

free copies are requested, Comeaux's status as a *pro se* litigant who proceeds *in forma pauperis* does not entitle him to copies of court records free of charge. This Court is not a copy service for inmates, regardless of their indigent status.

It is therefore **ORDERED** that the motion to transfer exhibits and for free copies (Docket Entry No. 28) is **DENIED**.

Comeaux is advised that copies of documents in the court record are $0.29 per page. His current request does not specify which documents he needs. If Comeaux needs copies of certain exhibits, he is directed to make his request to the Clerk's Office and describe the specific document(s) he needs to the best of his ability. The Clerk will inform him of the number of pages. Payment is required before copies are sent. Check or money order must be payable to the "Legal Document Retrieval, Inc.," copying service.

3.   **Motion for Reconsideration**

Comeaux has filed a motion for "reconsideration" regarding the order requesting an answer from Defendants Rick Thaler and Doug Dretke. (Docket Entry No. 30). Comeaux appears to complain that there are at least thirty defendants named in the original complaint and he asks this Court to reconsider the decision to serve only two.

The order from the Fifth Circuit specifically remanded this case to consider Comeaux's allegation "that Warden Thaler had personal knowledge that the Estelle High Security Unit was not equipped to meet Comeaux's special needs and that the failure to meet his special needs would result in the denial to Comeaux of the basic necessities of life." *Comeaux v. Mackwani*, No. 03-20776 (5th Cir. March 23, 2005). For this reason, an answer was specifically directed to Warden Thaler and to the Director of TDCJ's Correctional Institutions Division, wherein Comeaux resides. Further, the

order requesting an answer from Defendants Thaler and Dretke specifically notes that a separate order will issue if it is later determined that an answer from any of the other defendants is necessary. (Docket Entry No. 25).

Therefore, it is **ORDERED** that Comeaux's motion for reconsideration (Docket Entry No. 30) is **DENIED**.

4. **Motion for Appointment of Counsel**

Comeaux has filed a motion seeking appointment of counsel. (Docket Entry No. 31). A civil rights plaintiff has no automatic right to the appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir. 1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of counsel is not required unless a case presents exceptional circumstances. *See Hulsey*, 929 F.2d at 173 (citing *Ulmer*, 691 F.2d at 212-13).

Comeaux contends that he requires assistance because he is indigent, handicapped, and confined to administrative segregation. Comeaux is not a novice in the federal courts. A national prisoner index reflects that he has filed at least nine actions while incarcerated.[1] As the record reveals in this case, Comeaux has diligently and competently litigated his claims to date. He has filed numerous motions during the course of this litigation in which he capably and forcefully articulates his arguments and objections. The Court is not persuaded that Comeaux is unable to

---

[1] Two of those proceedings were habeas corpus actions: *Comeaux v. Cockrell*, Civil Action No. H-01-1670 (S.D. Tex.); *Comeaux v. Cockrell*, Civil Action No. H-01-3405 (S.D. Tex.). The rest of his cases were civil rights cases: *Comeaux v. Mackwani*, Civil Action No. H-00-3812 (S.D. Tex.); *Comeaux v. Cockrell*, H-01-4264 (S.D. Tex); *Comeaux v. Cockrell*, Civil Action No. H-02-0058 (S.D. Tex.); *Comeaux v. Biscamp*, Civil Action No. H-02-4144 (S.D. Tex.); *Comeaux v. Sutton*, Civil Action No. H-03-2555 (S.D. Tex.)

present arguments on his own behalf, or that exceptional circumstances exist at this stage of the lawsuit. Therefore, it is **ORDERED** that Comeaux's motion for appointment of counsel (Docket Entry No. 31) is **DENIED** at this time. The Court will reconsider Comeaux's request on its own motion, if necessary, if it later appears that appointment of counsel is required.

The Clerk shall provide a copy of this order to the parties.

SIGNED on this 16th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE