IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ARCADE J. COMEAUX, JR., | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1411 |
| | § | |
| WARDEN RICK THALER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Arcade J. Comeaux, Jr., is a state inmate who filed this suit under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement. The defendants who have been served in this case, Warden Rick Thaler and Director Doug Dretke, have filed a joint motion to dismiss the complaint under 28 U.S.C. § 1915(g) on the grounds that Comeaux has filed more than three frivolous lawsuits. (Docket Entry No. 36). The defendants also request a protective order from discovery pending a determination on the issue of qualified immunity. (Docket Entry No. 37). In addition, Comeaux has filed more than one motion to reconsider prior rulings made in this case. (Docket Entry Nos. 38, 39). Comeaux's motions for reconsideration are denied. The defendants' motion to dismiss is denied, but the motion for a protective order is granted for reasons stated below.

### I. MOTION TO DISMISS UNDER 28 U.S.C. § 1915

The defendants have filed a motion to dismiss, alleging that Comeaux has accumulated three strikes for filing meritless lawsuits while incarcerated. Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding if that prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records confirm that Comeaux has accrued more than three strikes for actions and appeals that have been dismissed as frivolous, malicious, or for failure to state a claim: *Comeaux v. Naik*, Civil Action No. H-00-3812 (S.D. Tex. May 23, 2001) (dismissing certain claims as frivolous or for failure to state a claim following a *Spears* hearing) (Docket Entry No. 27); *Comeaux v. Naik*, Appeal No. 01-20584 (5th Cir. Nov. 25, 2002) (dismissing the appeal as frivolous); *Comeaux v. Cockrell*, Civil Action No. H-01-4264 (December 28, 2001) (dismissing, in part, as malicious) (Docket Entry No. 3); and *Comeaux v. Cockrell*, Appeal No. 02-20444 (5th Cir. July 15, 2003) (dismissing the appeal as frivolous). As a result, Comeaux may no longer proceed *in forma pauperis* absent a showing that he is in imminent danger of serious physical injury. *See Comeaux v. Cockrell*, Appeal No. 02-20444 (5th Cir. July 15, 2003) (notifying Comeaux that he has accrued three strikes).

The Court notes that all of the strikes accrued by Comeaux were entered *after* he filed the pending lawsuit in April of 2001. The language of 28 U.S.C. § 1915(g) appears to preclude an inmate from proceeding as a pauper only where he has had "prior" actions dismissed as frivolous, malicious, or for failure to state a claim. The defendants have not shown that, prior to filing the present action in April of 2001, Comeaux already had three such dismissals. *See, e.g., Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) (discussing what constitutes a "qualifying dismissal" under a § 1915(g) analysis). The defendants cite no authority, and this Court's research has not uncovered any, to support the proposition that any decision to grant a prisoner leave to proceed *in*

2

*forma pauperis* is automatically revoked once a prisoner accumulates three strikes. Therefore, although the Court recognizes that Comeaux has now registered the requisite three strikes that will bar him from proceeding *in forma pauperis* with a civil rights action or appeal in the future, it does not appear that § 1915(g) precludes his ability to litigate the instant claims as a pauper. Therefore, the defendant's motion to dismiss under § 1915(g) is denied.

## II. MOTION FOR PROTECTIVE ORDER

The defendants have filed a motion for a protective order from discovery pending a determination on the issue of qualified immunity. Public officials acting within the scope of their authority are shielded from civil liability by the doctrine of qualified immunity if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, qualified immunity is an immunity from suit that extends beyond a defense to liability to include all aspects of civil litigation, including discovery. *See Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998); *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

The record presently contains numerous discovery requests filed by Comeaux.[1] (Docket Entry Nos. 40-51). The Fifth Circuit has held that "[e]ven limited discovery on the issue of qualified immunity must not proceed until the district court first finds that the plaintiff's pleadings assert facts

---

[1] According to the Local Rules for the United States District Court for the Southern District of Texas, Rule 5.4, discovery requests of the type submitted by Comeaux are to be served on the opposing party, but "shall not be filed" with the Clerk of Court. For this reason, Comeaux's discovery requests will be stricken from the record.

3

which, if true, would overcome the defense of qualified immunity." *Heitschmidt*, 161 F.3d at 840 (citations omitted). The defendants in this case have asserted qualified immunity as a defense to liability, but a dispositive motion on that issue is not yet due. Because the defendants are entitled to protection from discovery until a determination is made on the issue of qualified immunity, the defendants' motion for a protective order is granted. All discovery is stayed until after the Court enters a ruling on the issue of qualified immunity.

### III. MOTIONS FOR RECONSIDERATION

Comeaux has filed two motions for reconsideration of rulings made previously in this case. In particular, Comeaux asks the Court to consider serving other defendants besides Warden Thaler and Doug Dretke. (Docket Entry No. 38). Comeaux also asks the Court to reconsider the decision to deny his motion for appointment of counsel. (Docket Entry No. 39). The Court will reconsider both of these issues at a later time, on its own motion, if the addition of other defendants or the appointment of counsel appears necessary. At this time, however, Comeaux's motions for reconsideration are denied without prejudice.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss the complaint pursuant to 28 U.S.C. § 1915(g) (Docket Entry No. 36) is **DENIED**.

2. The defendants' motion for a protective order from discovery (Docket Entry No. 37) is **GRANTED**.

3. All discovery is **STAYED** until the Court issues a ruling on the asserted defense of qualified immunity. <u>The defendants shall file a dispositive motion on the issue of</u>

<u>qualified immunity within sixty (60) days of this order. Comeaux shall file any response to that motion within thirty (30) days</u>.

4. The Clerk shall **STRIKE** from the record all of the discovery requests (Docket Entry Nos. 40-51) filed by the plaintiff.

5. The plaintiff's motions for reconsideration of prior rulings (Docket Entry Nos. 38, 39) are **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED on November 7, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE