IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCADE J. COMEAUX, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1411 |
| | § | |
| WARDEN RICK THALER, *et al.*, | § | |
| Defendants. | § | |

# ORDER

State inmate Arcade J. Comeaux Jr. (TDCJ #841331, former TDC #376369) filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights and the Americans with Disabilities Act, among other things, stemming from the conditions of his confinement at the Estelle High Security Unit. On March 24, 2008, the Court granted the defendants' motion for summary judgment and dismissed this case. Comeaux has filed a "motion for reconsideration" and he asks the Court to reinstate this case. (Docket Entry No. 103). The motion is **denied** for reasons that follow.

The Court construes Comeaux's motion as a request to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Comeaux does not meet that burden here. Most of the arguments that Comeaux presents attempt to justify his lengthy delay in filing a response to the defendants' summary judgment motion. These arguments were raised and considered prior to the final judgment. To the extent that Comeaux makes any effort to

address the merits of the Court's decision, his arguments could, and should, have been made before the judgment issued. Because none of his arguments establish that the dismissal order was entered in error, Comeaux fails to show that he is entitled to relief under Rule 59(e).

Moreover, to the extent that Comeaux seeks relief from a final judgment under Rule 60(b), the Court notes that he has already filed a notice of appeal, which the Clerk's Office has forwarded to the Fifth Circuit. Once a party files a notice of appeal, a district court loses all jurisdiction and is without power to grant a post-judgment motion of the kind filed by Comeaux regarding the merits of his complaint. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (explaining that, once "an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)") (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). Thus, this Court lacks jurisdiction to reinstate Comeaux's case while his appeal is pending.

Based on the foregoing, it is **ORDERED** that Comeaux's motion for reconsideration and his request to reinstate the lawsuit (Docket Entry No. 103) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED on April 24, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE